## MOUSSEAU *vs.* LAROCHE'S SONS.

1. The decision in *Mousseau et al. vs. Dorsett*, rendered to-day, controls this case, except as to the ninth ground of the motion for a new trial.

2. Where the contract was either a joint contract of one and his co-tenants, or an individual contract of one of the co-tenants, if a joint contract it could not be apportioned, and the proportion of one be recovered of him and the others be discharged by the jury; if an individual contract it would have been error to charge that commissions claimed to have been contracted for and earned could not be recoverd from the individual contracting to pay them.

April 9, 1888.

Charge of the court. Contracts. Apportionment. Before Judge HARDEN. City court of Savannah. July term, 1887.

Reported in the decision.

DENMARK & ADAMS, for plaintiff in error.

R. R. Richards and J. R. SAUSSY, *contra.*

SIMMONS, Justice.

This is a suit brought by the plaintiffs against Mousseau for commissions which they claim Mousseau owed them, for " endeavoring to sell, offering for sale, corresponding for sale of and as agents for the sale of a tract of land in Chatham county, known as Dillontown, under agreement with Francis X. Mousseau, whereby plaintiffs were to be paid the usual commissions of two and a half per cent. on the amount for which said property should be sold; said property having been sold for $60,000." The jury returned a verdict for the plaintiffs, and a motion was made for a new trial by the defendant, which was overruled, and he excepted.

The errors complained of in the motion for a new trial were, that the jury found contrary to the evidence and charges as given by the court to the jury, which are set out in the motion.

1. The reasons given in the decision just rendered by this court in the case of *Mousseau et al. vs. Dorsett*, for the refusal to grant a new trial in that case, apply with equal force to all the grounds of the motion for a new trial in this case, up to the 9th ground.

2. The 9th ground complains that the court refused to give in charge to the jury the following written request: " Here Dr. Mousseau is sued alone, and is sued, not as an agent, but individually. I charge you, therefore, that you cannot find for the plaintiffs in this case the commissions which you may think they have earned, that this defendant is liable, if liable at all, for only his share to the extent of his individual interest. You cannot charge him with his wife's portion, or with that of any other owner."

We do not think that this is a sound proposition in law, and the court did not err in refusing to give it in charge. The contract, as shown by the evidence, was either a joint contract of Mousseau and his co-tenants, or it was an individual contract by Mousseau alone. If it was a joint

contract, it could not be apportioned and Mousseau's proportion recovered of him and the others discharged by the jury. If it was an individual contract of Mousseau, then it is equally clear that the request was unsound and should not have been given by the court.

Judgment affirmed.